1  William A. Nebeker, Esq., AZ State Bar No. 004919
   Rosary A. Hernandez, Esq., AZ State Bar No. 020182
2  Valerie R. Edwards, Esq., AZ State Bar No. 017217
   KOELLER NEBEKER CARLSON & HALUCK, LLP
3  3200 North Central Avenue, Suite 2300
   Phoenix, Arizona 85012-2443
4  Telephone:  (602) 256-0000
   Facsimile:   (602) 256-2488
5  *Attorneys for Plaintiff*

6

7
                 **IN THE UNITED STATES DISTRICT COURT**
8                **IN AND FOR THE DISTRICT OF ARIZONA**

9
   OLGA CERVANTES, an
10 unmarried woman,                        Case No.:
   individually and on behalf
11 of a class of similarly                 **CLASS ACTION COMPLAINT FOR:**
   situated individuals,
12
                                           **1.  Violation of Truth in Lending Act,**
13         Plaintiff,                       **15 U.S.C. § 1601, *et seq.***
                                           **2.  Violation of Real Estate Settlement**
14 vs.                                     **Procedures Act, 12 U.S.C. § 2601, *et***
                                           ***seq.***
15 COUNTRYWIDE HOME LOANS, INC.,           **3.  Violation of Home Ownership and**
   a New York corporation, MERSCORP,       **Equity Protection Act, 15 U.S.C. §§**
16 INC., a Virginia corporation;           **1602(aa), 1610, and 1639**
   MORTGAGE ELECTRONIC                     **4.  Violation of Fair Housing Act, 42**
17 REGISTRATION SYSTEMS, INC., a           **U.S.C. § 3601, *et seq.***
   subsidiary of MERSCORP, Inc., a         **5.  Violation of Arizona Consumer**
18 Delaware  corporation; FEDERAL HOME     **Fraud Act, A.R.S. § 44-1522, *et. seq.***
   LOAN MORTGAGE CORPORATION, a            **6.  Conspiracy to Commit Fraud and**
19 foreign corporation; FEDERAL            **Conversion**
20 NATIONAL MORTGAGE                       **7.  Conspiracy to Commit Fraud**
   ASSOCIATION, a foreign corporation;     **Related to MERS System**
21 GMAC MORTGAGE, L.L.C., a Delaware       **8.  Intentional Infliction of Emotional**
   corporation; NATIONAL CITY              **Distress**
22 MORTGAGE, a foreign company and a       **9.  Injunctive Relief**
23 division of NATIONAL CITY BANK, a       **10.  Declaratory Relief**
24 foreign company; J.P. MORGAN CHASE
25

1   BANK, N.A., a New York corporation;          **JURY TRIAL DEMANDED**
2   CITIMORTGAGE, INC., a New York
    corporation; HSBC MORTGAGE
3   CORPORATION, U.S.A., a Delaware
    corporation; AMERICAN
4   INTERNATIONAL GROUP, INC., a
    foreign corporation; AIG UNITED
5   GUARANTY CORPORATION, a foreign
6   corporation; AIG FEDERAL SAVINGS
    BANK, a foreign corporation; WELLS
7   FARGO BANK, N.A., a California
    corporation, dba WELLS FARGO HOME
8   EQUITY and dba WELLS FARGO
9   HOME MORTGAGE, a division of
    WELLS FARGO BANK, N.A., a
10  California corporation; BANK OF
11  AMERICA, N.A., a foreign corporation,
    FIRST AMERICAN TITLE
12  INSURANCE CORPORATION, a foreign
13  corporation; and GE MONEY BANK, a
    foreign company; JOHN AND JANE
14  DOES I-X;  BLACK AND WHITE
    PARTNERSHIP I-X; AND ABC
15  CORPORATION I-X;
16
            Defendants.
17

18          Plaintiff, individually, and on behalf of a class of similarly situated individuals,
19
    through undersigned counsel, for Plaintiff's complaint against Defendants, alleges as
20
21  follows:
22                                 **JURISDICTION**
23
24          1.      Jurisdiction is founded upon 28 U.S.C. § 1331, as this matter presents
25  issues of federal law, and this court has jurisdiction over the subject matter of this

action pursuant to the laws of the United States, including, but not limited to, 15 U.S.C. § 1601, *et seq.;* 12 U.S.C. § 2614, *et seq.;* 42 U.S.C. § 3601, *et seq.* and 15 U.S.C.§ 1640.

2.     This court also has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship, as Plaintiff is a resident of the state of Arizona, Defendant Countrywide Home Loans, Inc. is a New York corporation, Defendant MERSCORP, Inc. is a Virginia corporation, and its subsidiary, Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation, and Defendants Federal Home Loan Mortgage Corporation, Federal National Mortgage Association, GMAC Mortgage, L.L.C., National City Mortgage, J.P. Morgan Chase Bank, N.A., CitiMortgage, Inc., HSBC Mortgage Corporation, U.S.A., Bank of America, N.A., American International Group, Inc., AIG United Guaranty Corporation, AIG Federal Savings Bank, Wells Fargo Bank, N.A. dba Wells Fargo Home Equity, Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., First American Title Insurance Corporation, and GE Money Bank are foreign corporations, and because this matter is a class action with claims having a value in excess of $5,000,000.00.

3.     This court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue over this matter is appropriate in this court pursuant to 28 U.S.C. §
1391(b).  The acts complained of occurred, in substantial part, in the state of Arizona,
the property subject to this action is situated in Arizona, the owners of the property
reside in Arizona, and, at all relevant times material hereto, the Defendants are or
were doing business in Arizona.

### Parties and Standing

5.     Plaintiff, Olga Cervantes, is a resident of Maricopa County, Arizona.

6.     At all times relevant and material hereto, Plaintiff maintained Plaintiff's
primary residence in Maricopa County, Arizona located at 525 North Val Vista
Drive, Unit 31, Mesa, Arizona, legally described as Lot 31, HIGHLAND PARK
MANOR, according to Book 369 of Maps, Page 27, records of Maricopa County,
Arizona (hereinafter referred to as "Residence").

7.     Upon information and belief, Defendant Countrywide Home Loans, Inc.
("Countrywide") was a New York corporation authorized to do business in and doing
business in Maricopa County, Arizona, and at all times material hereto was a
member of the MERS system described herein and a shareholder in MERS.

8.     Upon information and belief, Defendant MERSCORP, INC. was a
Virginia corporation and doing business in Maricopa County, Arizona through its
subsidiary, Defendant MERS, Inc., a Delaware corporation.  Upon information and

- 4 -

belief, MERSCORP, INC. was a director of MERS, Inc.  Defendants MERSCORP, INC. and MERS, Inc. are hereinafter collectively referred to as "MERS."

9.     Upon information and belief, Defendant Federal Home Loan Mortgage Corporation (hereinafter referred to as "Freddie Mac") is a foreign corporation doing business in Arizona, and a shareholder in MERS.  Upon information and belief, Freddie Mac was also, through its agents and employees, a director of MERS.

10.     Upon information and belief, Defendant Federal National Mortgage Association (hereinafter referred to as "Fannie Mae") is a foreign corporation doing business in Arizona and, at all times material hereto, was a shareholder of MERS and a member of the MERS system described herein.  Upon information and belief, Defendant Fannie Mae was also, through its agents and employees a director of MERS.

11.     Upon information and belief, Defendant GMAC Mortgage, L.L.C. was a Delaware corporation doing business in Arizona and, at all times material hereto, was a member of the MERS system described herein.   Upon information and belief, Defendant GMAC Mortgage, L.L.C., through its affiliate or subsidiary, GMAC Residential Funding Corp., was a shareholder in MERS, and through its employees or agents employed by its affiliate or subsidiary, GMAC Residential Holding Corp., was a director of MERS.

12.     Upon information and belief, Defendant National City Mortgage, a division of National City Bank, was a foreign company doing business in Arizona, and, at all times material hereto was a member of the MERS system described herein.  Upon information and belief, Defendant National City Mortgage, through its agents and employees, was a director of MERS.

13.     Upon information and belief, Defendant First American Title Insurance Corporation was a foreign corporation doing business in Arizona, and at all times material hereto, was a shareholder in MERS.

14.     Upon information and belief, Defendant J.P. Morgan Chase Bank, N.A. was a New York corporation doing business in Arizona and, at all times material hereto, was a member in the MERS system described herein.  Upon information and belief, J.P. Morgan Chase Bank, N.A., through its affiliate or subsidiary, Chase Home Mortgage Corporation of the Southeast, was a shareholder in MERS, and through its employees or agents employed by its affiliate, J.P. Morgan Chase Co., was a director of MERS.

15.     Upon information and belief, Defendant CitiMortgage, Inc. was a New York corporation doing business in Arizona and, at all times material hereto, was a member in the MERS system described herein and a shareholder of MERS.

16.     Upon information and belief, Defendant HSBC Mortgage Corporation, U.S.A. was a Delaware corporation doing business in Arizona and, at all times

material hereto, was a member of the MERS system described herein.   Upon information and belief, HSBC Mortgage Corporation, through its affiliate or subsidiary HSBC Finance Corp., was a shareholder of MERS.

17.     Upon information and belief, Defendant Wells Fargo Bank, N.A. was a California corporation doing business in Arizona as Wells Fargo Home Equity and as Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A., and, at all times material hereto, was a member of the MERS system described herein and a shareholder of MERS.

18.     Upon information and belief, Defendant Bank of America, N.A. was a foreign corporation doing business in Arizona, and was a successor in interest to Countrywide Home Loans, Inc. and/or acquired Countrywide Home Loans, Inc. for the purpose of funding and/or managing the ongoing business activities of Countrywide Home Loans, Inc.   Upon information and belief, Defendant Bank of America, N.A., at all times material hereto, was a member of the MERS system described herein.

19.     Upon information and belief, Defendant American International Group, Inc., and its affiliate and/or subsidiary companies, AIG United Guaranty Corporation, and AIG Federal Savings Bank, were foreign corporations doing business in Arizona and, at all times material hereto, were shareholders of MERS and/or members of the MERS system described herein.   Upon information and

belief, American International Group, Inc., through its agents and employees employed by its affiliate or subsidiary United Guaranty Residential Insurance Co., was a director of MERS.

20. Upon information and belief, Defendant GE Money Bank was a foreign company doing business in Arizona and was a member of the MERS system described herein.

21. Defendants John and Jane Does I-X are fictitious names for affiliates, agents, or successors or assigns of the named Defendants whose true names are not known to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint to assert the true names of these Defendants at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

22. Defendants Black and White Partnership I-X are fictitious names for affiliates, partners, or successors or assigns of Defendants whose true names are not known to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

23. Defendants ABC Corporation I-X are fictitious names for affiliates, partners, or successors or assigns of Defendants whose true names are not known to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint to

assert the true names of these Defendants at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

## **GENERAL ALLEGATIONS**

24.     On or about September 15, 2006, Plaintiff refinanced the Residence referred to herein in Maricopa, County, Arizona by executing a Note and Deed of Trust in favor of Countrywide Home Loans, Inc. as Lender, with MERS, Inc. listed as the Beneficiary on the Deed of Trust.

25.     Prior to executing the Note and Deed of Trust, Plaintiff applied for a loan over the telephone through Scott Kailikea of Countrywide Home Loans, Inc., who, upon information and belief, was acting as an agent of Defendant Countrywide Home Loans, Inc.

26.     Plaintiff did not sign the application at the time it was filled out by Mr. Kailikea and she was not provided a copy to review prior to the application being submitted to Countrywide Home Loans, Inc.

27.     Defendant Countrywide Home Loans, Inc., through its agent Scott Kailikea, before the Plaintiff signed the note and deed of trust, represented to Plaintiff that the interest rate on the loan would equal 6.5 percent, subject to adjustment, with monthly payments initially being equal to $1,142.56.

28.     The monthly payments referred to in the preceding paragraph were 56 percent of Plaintiff's adjusted gross monthly income as reported on her 2005 Federal income tax return.

29.     The principal amount of the note was represented to be $210,750.00 at the time the application was taken.

## FIRST CLAIM FOR RELIEF

**(Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*
and Regulation Z, 12 CFR § 226, *et seq.*)
(As to Defendant Countrywide Home Loans, Inc.)**

30.     Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 29 above as if set forth fully herein.

31.     As defined in 15 U.S.C.A. § 1602, the transaction between Plaintiff and Defendant Countrywide Home Loans, Inc. was a "credit sale," Plaintiff was a "consumer," and Defendant Countrywide Home Loans, Inc. was a "creditor."

32.     Pursuant to 15 U.S.C.A. § 1638(b)(1), Defendant Countrywide Home Loans, Inc. was required to make certain specified disclosures "before credit [was] extended."

33.     Defendant Countrywide Home Loans, Inc., upon information and belief, violated 15 U.S.C.A. § 1638 by improperly and/or inadequately disclosing one or more of the following items:

a.     The annual percentage rate;

   b.   The finance charge;

   c.   The amount financed;

   d.   The total number of payments;

   e.   The payment schedule;

   f.   Whether the loan has a demand feature;

   g.   Whether the loan has a variable rate feature, and if so, to make disclosure about the variable rate feature;

   h.   Whether the borrower may be entitled to a refund of a portion of the finance charges;

   i.   Whether the loan is subject to a prepayment penalty, and if so, to make disclosure about the prepayment penalty terms.

   34.   Upon information and belief, charges were imposed on Plaintiff without being properly disclosed pursuant to 15 U.S.C. § 1605 and Regulation Z Section 226.4.

   35.   Upon information and belief, Defendant and/or its agent calculated the annual percentage rate based on improperly calculated and disclosed amounts, violating 15 U.S.C. § 1601, *et seq.* and Regulation Z Sections 226.18(c), 18(d), and 22.

   36.   As a result of Defendant's violations as set forth herein, Plaintiff is entitled to damages as set forth below.

37.     Upon information and belief, Defendant Countrywide Home Loans, Inc., through its agent, fraudulently misrepresented and concealed the true facts related to the items subject to disclosure from Plaintiff, and Plaintiff did not discover the Defendant's failure to make the disclosures pursuant to 15 U.S.C. § 1638 until one year within the filing of this complaint.

## SECOND CLAIM FOR RELIEF

**(Violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*)**
**(As to Defendant Countrywide Home Loans, Inc.)**

38.     Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

39.     Defendant Countrywide Home Loans, Inc., at all material times hereto, was a mortgage lender with deposits or accounts insured by a federal agency and/or a lender that is regulated by the federal government, and Defendant was subject to 12 U.S.C. § 2601, *et seq.*

40.     The loan to Plaintiff described herein is a federally related mortgage loan subject to 12 U.S.C. § 2601, *et seq.*

41.     Plaintiff is a consumer and a member of the class of consumers subject to protection under 12 U.S.C. § 2601, *et seq.*

42.     Pursuant to 12 U.S.C. § 2601, *et seq.*, Defendant was required to provide to Plaintiff a uniform settlement statement, which must clearly and

conspicuously itemize all charges imposed upon the borrower and all charges imposed upon the seller in connection with the closing of the loan.

43.     Pursuant to 12 U.S.C. § 2604, Defendant was also required to provide Plaintiff with a special information booklet, which was to contain in "clear and concise language" a description and/or explanation of the following:

a.      Each cost associated with a real estate settlement;

b.      The uniform settlement form required by RESPA (with a sample copy of the form);

c.      The nature and purpose of escrow accounts used in connection with real estate transactions;

d.      The choices available to residential real estate purchasers when they require necessary services incident to a real estate transaction;

e.      Unfair practices and unreasonable or unnecessary charges that a prospective purchaser should avoid in connection with a real estate settlement.

44.     Pursuant to 12 U.S.C. § 2604, Defendant was required to include a "good faith estimate of the amount or range of charges" for settlement services with the special information booklet described above.

45.     Pursuant to 12 U.S.C. § 2604, Defendant was required to provide the good faith estimate and the special information booklet described above to Plaintiff

by delivering them to Plaintiff or placing them in the mail no more than three business days after Defendant received the loan application described herein.

46.     Defendant was required to inform Plaintiff at the time of application as to whether the servicing of the loan could be assigned, sold, or transferred during the life of the loan.

47.     Defendant was required to notify Plaintiff of the assignment, sale, or transfer of the loan in writing at least 15 days before the event or at the time of settlement.

48.     Pursuant to 12 U.S.C. § 2607(a), Defendant was prohibited from paying any "fee, kickback, or thing of value" to any person as part of the real estate settlement service involving the loan described herein.

49.     Defendant was required to disclose any "controlled business arrangements" as defined in 12 U.S.C. § 2602 to Plaintiff.

50.     Upon information and belief, Defendant violated the Real Estate Settlement Procedures Act by failing to provide Plaintiff, and others similarly situated, with the required documents described above within the time periods provided within the Act and/or provided Plaintiff, and others similarly situated, with an inaccurate settlement statement and good faith estimate prior to closing of the transaction.   Upon information and belief, Defendant violated the Real Estate Settlement Procedures Act by charging Plaintiff unreasonably high charges for

settlement services, which included, but are not limited to, a $50.00 fee for email services.

51.    Based on Defendant's violations as described herein, Plaintiff is entitled to damages under 12 U.S.C. §§ 2607 and 2608, and to claim damages for emotional distress according to proof.

52.    Upon information and belief, Defendant Countrywide Home Loans, Inc., through its agent, fraudulently misrepresented and concealed the true facts related to the items subject to disclosure from Plaintiff, and Plaintiff did not discover the Defendant's failure to make the disclosures pursuant to 12 U.S.C. §§ 2601 and 2604 until one year within the filing of this complaint.

## THIRD CLAIM FOR RELIEF

### (Violation of Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1610, and 1639)
### (As to Defendant Countrywide Home Loans, Inc.)

53.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 52 above as if set forth fully herein.

54.    As defined in 15 U.S.C.A. § 1602(aa), the transaction between Plaintiff and Defendant Countrywide Home Loans, Inc. was a "mortgage," being a consumer credit transaction other than a mortgage for the original purchase or construction of a dwelling, secured by Plaintiff's principal dwelling, Plaintiff was a "consumer," and Defendant Countrywide Home Loans, Inc. (Lender) was a "creditor."

55.     Pursuant to 15 U.S.C.A. § 1639, Defendant Countrywide Home Loans, Inc. was required to make certain specified disclosures as listed below "not less than three (3) business days prior to the consummation of the transaction."

56.     Defendant Countrywide Home Loans, Inc., upon information and belief, violated 15 U.S.C. § 1639 by improperly and/or inadequately disclosing one or more of the following items:

a.     The specific disclosure, in a "conspicuous type size," that "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application;"

b.     The specific disclosures, in a "conspicuous type size," that "If you obtain this loan, the lender will have a mortgage on your home.  You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan;"

c.     The annual percentage rate;

d.     The amount of the regular monthly payment if the interest rate was a fixed rate; or

e.     The annual percentage rate of the loan, the amount of the regular monthly payment, a statement that the interest rate and monthly payment pay increase, and the amount of the maximum monthly payment if the transaction was other than a fixed interest rate transaction; amount financed.

57.     The Defendant violated 15 U.S.C. § 1639 by making a loan to Plaintiff, and, upon information and belief, to others similarly situated, that included one or more of the following terms:

a.      A prepayment penalty that was not within the exception contained in 15 U.S.C. § 1639 (c)(2)(A)-(D);

b.      A "balloon payment" as defined in 15 U.S.C. 1639(e), which was due on a loan that had a term of less than 5 years;

c.      Negative amortization as defined in 15 U.S.C. § 1639(f).

58.     The Defendant violated 15 U.S.C. § 1639(h) by engaging in a pattern or practice of extending credit to Plaintiff and other similarly situated individuals under a mortgage without regard to their repayment ability, including their current and expected income, current obligations, and employment.

59.     In the named Plaintiff's case, the Plaintiff's adjusted gross income as shown on Plaintiff's 2005 income tax return was $24,560.00 or $2,046.67 per month. The initial monthly payment on the mortgage was $1,141.56 for sixty months, which was 56 percent of Plaintiff's monthly income.

60.     As to the named Plaintiff, Defendant made a loan regulated by 15 U.S.C. §§ 1602(aa) and 1639 without making the disclosures as set forth in paragraphs 56 a and 56 b.

61.   Additionally, the loan included provisions for prepayment penalties and the payments under the note resulted in negative amortization, which are prohibited as set forth in paragraph 57.

62.   Upon information and belief, the principal amount of the loan exceeded the appraised value of the Residence.

63.   As a result of Defendant's violations as set forth herein, Plaintiff is entitled to damages as set forth below, including, but not limited to statutory damages pursuant to 15 U.S.C. § 1640.

64.   Upon information and belief, Defendant, through its agent, fraudulently misrepresented and concealed the true facts related to the items subject to disclosure from Plaintiff, and Plaintiff did not discover the Defendant's failure to make the disclosures pursuant to 15 U.S.C.A. § 1639 until one year before the filing of this complaint.

## FOURTH CLAIM FOR RELIEF

**(Violation of Fair Housing Act, 42 U.S.C. § 3601, *et seq.*)**
**(As to Defendant Countrywide Home Loans, Inc.)**

65.   Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 64 above as if set forth fully herein.

66.   The making of a loan, such as the loan to Plaintiff referred to herein, is a "real estate related transaction" subject to the Federal Fair Housing Act.

67.     Defendant, Countrywide Home Loans, Inc., at all material times hereto, was a lender subject to the federal Fair Housing Act, and was prohibited from discriminating against, or providing disparate treatment to, individuals on the basis of race, color, religion, sex, familial status, and national origin.

68.     Plaintiff is a member of the class of individuals subject to protection from discrimination and/or disparate treatment under the Federal Fair Housing Act.

69.     Upon information and belief, Defendant purposefully targeted Plaintiff, and others similarly situated, as a borrower based on Plaintiff's race and/or national origin, knowing that Plaintiff suffered from language barriers inherent to Plaintiff's Hispanic origin, making Plaintiff vulnerable to predatory lending practices, including, but not limited to, violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act and the Arizona Consumer Fraud Act, as alleged herein.

70.     Upon information and belief, Defendant offered Plaintiff, and others like Plaintiff, a less-than-favorable loan than would have been offered to a white borrower, all other things being equal, in violation of the Federal Fair Housing Act based on the disparity between the loan terms which were available to Hispanic borrowers and the loan terms available to white borrowers.

71.     Defendant's violation of the Federal Fair Housing Act as alleged herein has caused Plaintiff to suffer damages, including, but not limited to, financial losses,

damage to reputation, embarrassment, humiliation, and emotional distress, and Plaintiff has incurred attorneys' fees and costs in this matter.

72.     Defendant's violation of the Federal Fair Housing Act alleged herein was reckless, willful and wanton, entitling Plaintiff to an award of punitive damages against Defendant.

73.     Upon information and belief, Defendant's violation of the Federal Fair Housing Act as alleged herein is and/or has been a continuing violation whereby Defendant has engaged in a pattern or extended practice of exploiting the market of Hispanics in the market area where Plaintiff resides.

## FIFTH CLAIM FOR RELIEF

**(Violation of Arizona Consumer Fraud Act, A.R.S. § 44-1522, *et seq.*)**
**(As to Defendant Countrywide Home Loans, Inc.)**

74.     Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 73 above as if set forth fully herein.

75.     Upon information and belief, Defendant Countrywide Home Loans, Inc. used deception, false promises, and misrepresentation regarding the terms of the loan offered to Plaintiff, and to others similarly situated, in misrepresenting, concealing, or omitting the terms of the loan, including, but not limited to, the interest rate, the payments to be made under the loan, Plaintiff's ability to qualify for the loan, and Plaintiff's ability to refinance the loan, if necessary, in the future.   Such facts were

material facts which Defendant intended, and knew or should have known, that Plaintiff would rely upon in entering into the loan as alleged herein.

76.    Plaintiff did rely on Defendant's representations concerning the terms of the loan and Plaintiff's ability to repay the loan in entering into the loan.

77.    Defendant made a loan to Plaintiff without making a determination that was based on a commercially reasonable means or mechanism for determining Plaintiff's ability to repay the loan and knowing that Plaintiff would not be capable of making loan payments as required by the terms of the loan based on Plaintiff's income.

78.    Defendant omitted and concealed the magnitude of risk of loss of the home from Plaintiff.

79.    Defendant's acts in negotiating the loan to Plaintiff constitute the "sale or advertisement" of "merchandise" under A.R.S. § 44-1522.

80.    Plaintiff learned of Defendant's violation of A.R.S. § 44-1522 within one year of the filing of this complaint.

81.    As a proximate result of Defendant's violation of A.R.S. § 44-1522, Plaintiff has suffered damage to reputation, and has suffered emotional distress, humiliation, and loss of financial resources, and Plaintiff has incurred attorneys' fees and costs in connection with bringing this claim.

### SIXTH CLAIM FOR RELIEF

#### (Conspiracy to Commit Fraud and Conversion)
#### (As to Defendants Countrywide Home Loans, Inc. and MERS)

82.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 81 above as if set forth fully herein.

83.    Defendants Countrywide Home Loans, Inc. and MERS formed an association to conspire to deprive Plaintiff of her property through fraud and misrepresentation which would result in Plaintiff entering a loan for which Plaintiff was not qualified.

84.    Upon information and belief, Defendants intended that the loan would be packaged with other loans and sold on the secondary market, resulting in a profit to Defendants.

85.    Defendants knew prior to their origination of the loan and subsequent transfer of the loan that Plaintiff was not qualified to make the loan; however, Defendants knew or should have known that Plaintiff would rely and did rely on Defendants' representations as alleged herein related to Plaintiff's ability to repay the loan or to refinance the loan in taking the loan and signing the documents.  As previously alleged herein, such representations violated Arizona's Consumer Fraud Act.

86.     As previously alleged herein, Defendant Countrywide Home Loans, Inc.

violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, the

Federal Fair Housing Act, the Home Ownership and Equity Protection Act, and the

Arizona Consumer Fraud Act in procuring Plaintiff's signature on the Note and Deed

of Trust.

87.     Defendant's legal objective of packaging the loan with other loans and

selling the loan was accomplished by illegal means in procuring the loan because of

Defendant Countrywide's violation of the Truth in Lending Act, the Real Estate

Settlement Procedures Act, the Federal Fair Housing Act, the Home Ownership and

Equity Protection Act, and the Arizona Consumer Fraud Act as alleged herein.

88.     Upon information and belief, as an alternative to packaging and selling

Plaintiff's loan, Defendants knew that the loan would be subject to foreclosure as a

result of Plaintiff's inability to make payments on the loan as the payment escalated

during the term of the loan and/or as a result of Plaintiff's inability to qualify to

refinance the loan at a later date after the payments began to escalate because of

changes in the interest rate.

89.     Upon information and belief, the escalating payments and/or increases

in the interest rate were not properly disclosed to Plaintiff as alleged herein.

90.    Defendants intended that Plaintiff would default on the loan and Defendants would be in a position of seizing the Residence in a foreclosure action, unlawfully depriving Plaintiff of the Residence.

91.    Defendants, and each of them, in furtherance of the conspiracy and agreement alleged herein, acted in a concerted manner to target Plaintiff as a borrower, to misrepresent the loan terms and/or to misrepresent Plaintiff's qualification for the loan, knowing that such action or actions would result in Defendant's ultimate possession of the Residence following foreclosure.

92.    As a result of Defendants' conspiracy described herein, Plaintiff has suffered injuries which include mental anguish, emotional distress, embarrassment, humiliation, loss of reputation and a decreased credit rating which has, or will, impair Plaintiff's ability to obtain credit at a more favorable rate than before the decrease in credit rating, the loss or anticipated loss of the Residence and other financial losses according to proof, and Plaintiff has incurred attorneys' fees and costs in this matter.

93.    Defendants' conspiracy to unlawfully deceive Plaintiff into the loan alleged herein was willful and wanton, justifying an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF

**(Conspiracy To Commit Fraud Related To MERS System)**
**(As to Defendants MERS, Freddie Mac, Fannie Mae, GMAC Mortgage, L.L.C., National City Mortgage, J.P. Morgan Chase Bank, N.A., CitiMortgage, Inc.,**

**Countrywide Home Loans, Inc., HSBC Mortgage Corporation, U.S.A., Wells Fargo Bank, N.A., First American Title Insurance Corporation, GE Money Bank, Bank of America, N.A., and American International Group, Inc. and its subsidiaries and affiliates, AIG United Guaranty Corporation and AIG Federal Savings Bank)**

94.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 93 above as if set forth fully herein.

95.    Upon information and belief, Defendants MERS, Freddie Mac, Fannie Mae, GMAC Mortgage, L.L.C. First National Bank of Arizona, J.P. Morgan Chase Bank, N.A., CitiMortgage, Inc., Countrywide Home Loans, Inc., HSBC Mortgage Corporation, Wells Fargo Bank, N.A., First American Title Insurance Corporation, GE Money Bank, Bank of America, N.A., American International Group, Inc. and its subsidiaries and affiliates, AIG United Guaranty Corporation and AIG Federal Savings Bank (hereinafter in this Eighth Claim for Relief collectively referred to for purposes of this Eigth Claim as the "Defendant conspirators"), and each of them, did knowingly and willfully conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage in  fraudulent and predatory lending practices perpetrated on Plaintiff as alleged in the Sixth Claim for Relief herein by the actions of the Defendant conspirators as part of the business policies and practices of each Defendant conspirators in participating in the MERS system.

96.    Upon information and belief, the Defendant conspirators are or have been shareholders in MERS and/or members of the MERS system, and, as to Defendant conspirators, Freddie Mac, Fannie Mae, GMAC Mortgage, L.L.C., National City Mortgage, and J.P. Morgan Chase Bank, N.A., have, through their employees and agents, served as members of the Board of Directors of MERS, and participated in the design and coordination of the MERS system described in this complaint.

97.    Upon information and belief, the Defendant conspirators have conspired among themselves and with other unknown parties to:

a.    develop a system of earning profits from the origination and securitization of residential loans without regard for the rights of Plaintiff, and others similarly situated, by engaging in predatory and deceptive residential lending practices as alleged in this complaint above; and

b.    in furtherance of the system referred to immediately above, the Defendant conspirators intentionally created, managed, operated and controlled the Defendant MERS for the specific purpose of MERS being designated as a sham "beneficiary" in the original deeds of trust securing those loans, including the loan made to Plaintiff and other similarly situated individuals by Countrywide Home Loans, Inc.; and

c.     Defendant conspirators intentionally created, managed, operated and controlled the MERS system with the unlawful intent and for the unlawful purpose of making it difficult or impossible for Plaintiff and other victims of such industry-wide predatory policies and practices to identify and hold responsible the persons and entities responsible for the unlawful actions of Defendant Countrywide Home Loans, Inc., MERS and their co-conspirators.

98.     Upon information and belief, Defendant conspirators, through creation of the MERS system alleged herein, adopted and implemented residential lending underwriting guidelines for use in Arizona and in other states which:

a.     were intended to, and did, generate unprecedented profits for the Defendant conspirators and their co-conspirators at the expense of Plaintiff and other persons who were fraudulently induced by the Defendant conspirators and their co-conspirators into taking out residential loans that were known by the Defendant conspirators and their co-conspirators, at the time the loans were originated, and

b.     were likely to result in foreclosure on those loans and loss by Plaintiff and other borrowers of their homes, with reckless disregard and intentional indifference by the Defendant conspirators and their co-conspirators of the likelihood of such foreclosure.

99.     Upon information and belief, the MERS system was created for the unlawful purpose of hiding and insulating the brokers and originators of predatory

toxic loans from accountability and liability by creating an entity which simultaneously informed all lenders who originated loans that named MERS as the beneficiary of the following:

a.     MERS would never own or acquire any actual beneficial interest in any loan in which it was named as beneficiary under the deed of trust, and that

b.     MERS could be named as beneficiary for purposes of public notice and notice to the borrower and would act in that capacity if so designated by the lender who originated the loan.

100.   Upon information and belief, the intent and purpose of the Defendant conspirators and their co-conspirators in the creation, management, operation and control of MERS was, without limitation, to make it impossible for the borrowers, their attorneys, the courts, the government, and anyone other than the Defendant conspirators who created and controlled MERS to identify the actual beneficial owner of any particular loan or the property which was the collateral securing that loan until such time, if any, that foreclosure action was initiated.   As a result, Plaintiff, and other similarly situated individuals, were deprived of the right to attempt to modify the toxic loan, as the true identity of the actual beneficial owner was intentionally hidden from Plaintiff and other similarly situated individuals.

101.   Upon information and belief, the Defendant conspirators' actions in creating the MERS system, which was dependent on fraudulent and deceptive

practices that included, but were not limited to, making loans to consumers such as Plaintiff in violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Home Ownership and Equity Protection Act, created a system to unlawfully deprive Plaintiff of Plaintiff's interest in the Residence.

102. As a result of Defendant conspirators' conspiracy described herein, Plaintiff has suffered injuries which include mental anguish, emotional distress, embarrassment, humiliation, loss of reputation and a decreased credit rating which has, or will, impair Plaintiff's ability to obtain credit at a more favorable rate than before the decrease in credit rating, the loss or anticipated loss of the Residence and other financial losses according to proof, and Plaintiff has incurred attorneys' fees and costs in this matter.

103. Defendant conspirators' actions were wanton, willful and reckless, and justify an award of punitive damages against Defendant conspirators, and each of them.

## **EIGHTH CLAIM FOR RELIEF**

### **(Intentional Infliction of Emotional Distress)**
### **(As to Defendant Countrywide Home Loans, Inc.)**

104. Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 103 above as if set forth fully herein.

105.   Defendant's actions in targeting Plaintiff for a loan, misrepresenting the terms and conditions of the loan, negotiating the loan, and closing the loan as alleged herein were intentional and/or reckless, wanton and willful.

106.   Defendant's actions as alleged herein were extreme and outrageous because of the Plaintiff's vulnerability to the predatory lending practices described above and because the subject of the loan was Plaintiff's primary residence, inherent with the characteristics of providing shelter for Plaintiff and a sense of pride and emotional security.

107.   As a result of Defendant's actions alleged herein, Plaintiff has suffered financial losses, and the stress inherent with facing the loss of the Residence, and embarrassment and humiliation resulting from Plaintiff's being put in the position of defaulting on the loan, and all of these factors have culminated to invade Plaintiff's mental and emotional tranquility and to cause Plaintiff severe emotional distress.

108.   Because of the extreme and outrageous nature of Defendant's actions as alleged herein, and to deter such conduct in the future, Plaintiff is entitled to an award of punitive damages.

## **NINTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF**

109.   Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 108 above as if set forth fully herein.

110.   On or about October 3, 2008, Recontrust Company, Inc. issued a Notice of Trustee's Sale which referred to MERS as the beneficiary.  Upon information and belief, Defendant MERS was not the holder of the note.

111.   Upon information and belief, Defendant MERS, in improperly causing Recontrust Company to issue the Notice of Trustee's Sale, violated 15 U.S.C. 1692(f)(6), which prohibits taking or threatening to take nonjudicial action to effect dispossession of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest.

112.   Defendants, and each of them, used false, deceptive and misleading representations to Plaintiff by failing to disclose any transfers in connection with the Note, in violation of 15 U.S.C. 1692(f).

113.   Upon information and belief, Defendants sent false, deceptive and misleading correspondence and coupons to Plaintiff which misstated the amount of the payments owed and the monetary amount needed to bring the mortgage current.

114.   Defendant MERS caused the Notice of Trustee Sale to be published by recording same with the Maricopa County Recorder.  For the reasons stated above, Defendant improperly published that Plaintiff's property was in foreclosure and that Defendant was a proper party to initiate foreclosure.

115.   Plaintiff is faced with a clear and present danger of the loss of the Residence due to threatened foreclosure and sale of Plaintiff's Residence at a trustee's sale as alleged herein.

116.   Neither Defendant Countrywide Home Loans, Inc. nor MERS, Inc. is the proper beneficiary under the Note and Deed of Trust and neither is a proper party to institute a foreclosure sale or a trustee's sale.

117.   Plaintiff will suffer irreparable harm if Defendants are not enjoined from selling Plaintiff's Residence at a foreclosure or trustee's sale, as Plaintiff will lose Plaintiff's interest in, and possession of, the Residence, which is Plaintiff's primary dwelling and is unique, and Plaintiff will have no adequate remedy at law.

118.   Defendants have no investment in the Residence, as the Note on the Residence was transferred as alleged in paragraphs 84 and 87 and Count Seven above, and, therefore, Defendants will not suffer irreparable harm if the foreclosure sale or trustee's sale is enjoined.

119.   Plaintiff is entitled to a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants, their agents, employees or servants from selling Plaintiff's Residence at a foreclosure sale or trustee's sale.

120.   Plaintiff has been required to retain counsel in this matter to protect Plaintiff's rights and has incurred attorneys' fees and costs in this matter.

1

## TENTH CLAIM FOR RELIEF – DECLARATORY RELIEF

2

3

121.   Plaintiff incorporates by this reference and realleges the allegations

4

contained in paragraphs 1 through 120 above as if set forth fully herein.

5

122.   As alleged in Plaintiff's claims regarding the Defendant's violations of

6

the Truth In Lending Act, the Real Estate Settlement Procedures Act, the Fair

7

Housing Act, the Home Ownership and Equity Protection Act, and the Arizona

8

9

Consumer Fraud Act, Defendants have violated Plaintiff's rights under federal and

10

state law.

11

123.   Plaintiff seeks a declaratory judgment against Defendants stating that

12

Defendants violated Plaintiff's rights under the Truth in Lending Act, the Real Estate

13

Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Fair

14

15

Housing Act, and the Arizona Consumer Fraud Act.

16

124.   Plaintiff has been required to retain counsel in this matter to protect

17

Plaintiff's rights and has incurred attorneys' fees and costs in this matter.

18

## REQUEST FOR CLASS CERTIFICATION

19

125.   Plaintiff incorporates by this reference and realleges the allegations

20

21

contained in paragraphs 1 through 124 above as if set forth fully herein.

22

126.   Plaintiff, pursuant to Fed. R. Civ. P. 23(a), (b)(2-3), brings this action on

23

behalf of a similarly situated class of individuals who reside in the state of Arizona

24

25

and in the United States who secured residential real estate loans from Defendants

made between March 2006 and present and who suffered financial and other injuries as alleged herein caused by any violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Federal Fair Housing Act, the Home Ownership and Equity Protection Act, the Arizona Consumer Fraud Act, or from Defendants' conspiracy to commit fraud and conversion or Defendant's intentional infliction of emotional distress as alleged herein.  Excluded from the class are the Defendants, including any parent, subsidiary, affiliate or controlled person of the Defendants and their officers, directors, agents or employees, any judge or judicial officer assigned to this matter, and members of the immediate families of any excluded persons.

127.   Upon information and belief, Plaintiff estimates that the class comprises not less than 125 individual members, and the class is so numerous that joinder of all members is impracticable.

128.   Plaintiff will fairly and adequately protect the interests of the class Plaintiff represents.

129.   Plaintiff's claims are typical of those of the members of the class.

130.   The damages and/or losses to Plaintiff were caused by Defendants in the same course of conduct that gives rise to the claims of the other members of the class.

131.   Plaintiff has retained experienced counsel qualified in class litigation, and counsel are competent to assert the interests of the class.

132.   There are common questions of law and/or fact common to the class, including whether the Defendant Countrywide Home Loans, Inc. violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Federal Fair Housing Act, the Home Ownership and Equity Protection Act, or the Arizona Consumer Fraud Act as alleged herein, whether any such violations constituted a conspiracy to commit fraud or conversion and/or whether Defendant's conduct constitutes intentional infliction of emotional distress on the class members.  Also common to the class is the issue of whether the Defendants acted as consipirators in committing fraud in creating the MERS system as alleged in Count Seven.

WHEREFORE, Plaintiff prays this court enter an order providing relief as follows:

1.   For award of damages against Defendants and each of them on Plaintiff's claims as applicable under federal law as alleged above in an amount to be shown at trial;

2.   For an award of damages against Defendants, and each of them, on the Plaintiff's state law claims, whether general, special or punitive as alleged above, in an amount to be shown at trial;

3.   For an award of attorneys' fees and costs as provided by law;

4.      For a temporary restraining order and preliminary and permanent injunction prohibiting Defendants, their agents, servants and employees as specifically alleged above  from selling Plaintiff's property at foreclosure and from proceeding with any foreclosure or collection action against the Plaintiff;

5.      For a declaratory judgment holding that Plaintiff's rights were violated as alleged above;

6.      That Plaintiff have and recover from the Defendants pre-judgment interest as may be determined by statute and rule;

7.      That this action be certified as a Plaintiffs' class action: and

8.      Pursuant to Federal Rules of Civil Procedure, Rule 38, Plaintiff demands a trial by jury on all issues of fact in this action; and

9.      That this court grant such other and further relief as it deems just and proper.

DATED this 13th day of March, 2009.

**KOELLER NEBEKER
CARLSON & HALUCK, LLP**


By___/s/William A. Nebeker_____
            William A. Nebeker
            Rosary A. Hernandez
            Valerie R. Edwards
            *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury to the fullest extent permitted by law.

DATED this 13th day of March, 2009.

**KOELLER NEBEKER
CARLSON & HALUCK, LLP**


By____/s/William A. Nebeker
   William A. Nebeker
   Rosary A. Hernandez
   Valerie R. Edwards
   *Attorneys for Plaintiff*