William A. Nebeker, Esq., AZ State Bar No. 004919
Rosary A. Hernandez, Esq., AZ State Bar No. 020182
Valerie R. Edwards, Esq., AZ State Bar No. 017217
KOELLER NEBEKER CARLSON & HALUCK, LLP
3200 North Central Avenue, Suite 2300
Phoenix, Arizona 85012-2443
Telephone: (602) 256-0000
Facsimile: (602) 256-2488
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| OLGA CERVANTES, an unmarried woman, CARLOS ALMENDAREZ, a married man, and ARTURO MAXIMO, a married man, individually and on behalf of a class of similarly situated individuals,<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., *et al.*<br><br>     Defendants. | Case No.: CV 09-00517-PHX-JAT<br><br>**PLAINTIFFS' RESPONSE TO COUNTRYWIDE'S AND FIRST FRANKLIN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

     Plaintiffs, Olga Cervantes, Carlos Almendarez, Arturo Maximo, individually and on behalf of a class of similarly situated individuals, by and through counsel of record, hereby respond to Defendants Countrywide's and First Franklin's (collectively "Defendants") Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Motion") (Doc. 133) and urge this court to deny the Motion. As will be demonstrated below, contrary to Defendants' arguments, Plaintiffs have stated claims against upon which relief can be granted as well as plead fraud with particularity.  Should, however, this court disagree with Plaintiffs' position, Plaintiffs request leave to amend the First Amended Class Action

Complaint ("FAC"). This response is supported by the attached Memorandum of Points and Authorities.

DATED this 1st day of June, 2009.            **KOELLER NEBEKER**
                                             **CARLSON & HALUCK, LLP**


By    /S/ William A. Nebeker
          William A. Nebeker
          Rosary A. Hernandez
          Valerie R. Edwards
          Attorneys for Plaintiffs

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants' Motion is based on the assertion that Plaintiffs have failed to state "any cognizable claim" for relief against Defendants as required by Fed. R. Civ. P. 12(b)(6), and that Plaintiffs have failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Both arguments fail. Defendants placed loans into the stream of commerce loans with the knowledge that these loans were predatory and toxic loans. The simple fact is that Defendants acted to generate illegal assignments and foreclosures and provided limited and deceptive disclosures to increase their profit. Their behavior is not in conformance with the requirements set forth in the Truth in Lending Act ("TILA"), the Real Estate Settlement Practices Act ("RESPA") and the Fair Housing Act ("FHA"), all of which were enacted to protect the very individuals who have been damaged. The First Amended Complaint ("FAC") outlines Defendants' disclosure shortfalls, and their participation in conspiracies to commit fraud in detail. Therefore, Defendants' Motion should be denied.

## II. ARGUMENT

### A. Motions to Dismiss Are Not Favored

Numerous courts have stated that motions to dismiss are not favored.[1] A motion to dismiss should be denied if other pretrial procedures would cure the defect in the pleading,[2] and such a motion "should only be granted if it appears '*to a certainty*' that plaintiff is not entitled to relief under '*any state of facts which could be proved in support of the claim.*'"[3] It is further true that a complaint should be read as a whole, "and accord the plaintiff the benefit of all reasonable inferences from the complaint."[4] On a motion to dismiss, the

---

[1] *See United States v. City of Redwood City,* 640 F.2d 963, 964 (9th Cir. 1981) (stating that "the accepted rule is that a complaint is not to be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [multiple citations omitted]  Under this rule it is only the extraordinary case in which dismissal is proper." (citations omitted)); *see also State v. Pickrell*, 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983) (citing multiple authorities).

[2] *Id.* (citing *Folk v. City of Phoenix*, 27 Ariz. App. 146, 151, 551 P.2d 595, 600 (Ariz. Ct. App. 1976)); *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992) (citations omitted).

[3] *State v. Pickrell,* 136 Ariz. at 594, 667 P.2d at 1309 (emphasis added) (citations omitted); *see also Lone Star Industries v. Horman Family Trust*, 960 F.2d 917 (10th Cir. 1992) (same) (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Veach v. City of Phoenix*, 102 Ariz. 195, 197, 427 P.2d 335, 337 (1967) (noting that if complaint sets forth facts showing entitlement to relief under any theory susceptible of proof, the trial court should not dismiss the complaint); *Mackey v. Spangler*, 81 Ariz. 113, 114-15, 301 P.2d 1026, 1027-28 (1956) (finding trial court properly denied motion to dismiss fraud claim, stating test for motion to dismiss is whether "enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory"); *Pelletier*, 968 F.2d at 872 (noting that if, "liberally construed," the complaint contained "even one" allegation of a constitutional violation, the plaintiff was entitled to maintain the claim).

[4] *United States v. City of Redwood City,* 640 F.2d at 964; *see also Kremser v. Quarles & Brady, L.L.P.*, 201 Ariz. 413, 414, 36 P.3d 761, 762 (Ariz. Ct. App. 2001) (citations omitted); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969) (noting that allegations should be accepted as true, with all doubts resolved in favor of the plaintiff).

court is not to weigh the evidence or determine questions of fact.[5] As indicated below, the First Amended Complaint does support a claim against Defendants. However, if this court finds that there is any deficiency in the First Amended Complaint, Plaintiffs seek leave to amend to supply additional facts supporting the claims.[6]

### B. The Complaint States A Cause of Action Against Defendants

The Federal Rules of Civil Procedure reject the approach that pleading should be a game of skill in which one misstep by counsel may be decisive to the outcome. *See Robbins v. State of Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The Federal Rules promote the principle of facilitating a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Essentially, Plaintiffs are required to provide sufficient factual allegations to support their cause of action. [T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context. *Phillips v. County of Allegheny*, 515 F.3d 224, 230-31 (3rd Cir. 2008).

---

[5] *See, e.g., Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (finding evidence regarding alleged deceptive business practice issue of fact).

[6] Fed. R. Civ. P. 15(a)(2) (stating that court should "freely give leave to amend when justice so requires"); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (finding district court abused discretion in denying leave to amend); *see also Green Reservoir Flood Control Dist. v. Willmoth*, 15 Ariz. App. 406, 409, 489 P.2d 69, 72 (1971) (stating that where an amended complaint refers to "the same transaction or occurrence, defendant being put on notice by the first complaint, the amendment will be allowed even though new defendants or new theories are introduced"). Leave to amend will be liberally allowed with an eye toward trial on the merits. *Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982).

When read as a whole, and not taken out of context, Plaintiffs' Amended Complaint states sufficient allegations to prevail over Defendants' motion to dismiss.[7]  Rule 8 simply and emphatically requires that:

> A pleading that states a claim for relief must contain: *** (2) ***a short and plain statement of the claim showing that the pleader is entitled to relief*** . . .

Fed. R. Civ. P. 8.  During discovery, Defendants will have their questions answered.  As a matter of pleading, the Amended Complaint is sufficient for the case to proceed.

### 1.    Plaintiffs Have Stated a Claim Under the Truth in Lending Act

The Truth in Lending Act ("TILA") requires disclosure of the annual percentage rate, the finance charge, the amount financed, the total number of payments, the payment schedule, whether the loan has a demand feature, whether the loan has a variable rate feature, whether the borrower is entitled to refunded finance charges, whether the loan is subject to a prepayment penalty and the terms of any such prepayment penalty.[8]  15 U.S.C. § 1601, *et seq*.  The required disclosures are described in detail by statutes, regulations, and case law.

However, the standard is not whether Plaintiffs left any questions unanswered, but rather whether Plaintiffs stated their cause of action sufficiently to put Defendants on notice

---

[7]Because Defendants' motion contends that Plaintiffs have not made sufficient allegations, Plaintiffs adopt and incorporate by reference their First Amended Complaint.

[8] Assuming, *arguendo*, that the signature on Defendants' Exhibit 1 is Carlos Almendarez's, Exhibit 1 still does not demonstrate disclosure of all of the matters required by TILA.  *See*, 15 U.S.C. § 1601, *et seq.*  *Cf.,* Doc. No. 133-3, Defendants' Exhibit 1.  The same is true with respect to Defendants' Exhibit 2 not demonstrating that Defendants complied with TILA as to Olga Cervantes.  Many of the documents in Exhibit 2 do not even contain a purported signature.

of the claim against them. Defendants' Motion demonstrates Defendants understand the claims against them and, therefore, Plaintiffs' allegations regarding the TILA disclosures are sufficient to state a cause of action. Therefore, their Motion must be denied.

Defendants should not be permitted to complain, as they do, that Plaintiffs' allegations are based upon information and belief while at the same time arguing that Plaintiffs must allege what they believe to be improper, inadequate, and inappropriate actions under TILA. Defendants claim they provided all of the disclosures required by TILA and recite precisely which disclosures Plaintiffs claim were not provided or which were improperly made. By this recitation, Defendants have demonstrated full awareness of Plaintiffs' allegations regarding the TILA disclosures or lack thereof.

Defendants' characterization of Plaintiffs' allegations as generic, conclusory, and rote is disingenuous. Plaintiffs' First Amended Complaint ("FAC") alleges nine specific disclosures which were required but not provided by Defendant Countrywide Home Loans, Inc. (FAC, ¶ 88.) Plaintiffs' First Amended Complaint also alleges nine disclosures which were required, but not made, by Defendant First Franklin Financial Corporation. (FAC, ¶89.)

This case has been filed as a class action. In a class action, the allegations must be drafted in such a manner as to provide notice to the Defendants of the nature of the class claims as well as the individual claims.

In their quest for dismissal, Defendants overlooked significant allegations regarding the individual claims. For example, Defendant Countrywide Home Loans, Inc. took Olga

Cervantes's application over the phone. She was informed that the interest rate would be 6.5% and the payments would initially be $1,142.56. (FAC, ¶¶ 35, 37.) Countrywide did not provide the application to Olga Cervantes. (FAC, ¶36.) Mr. Almendarez was told his interest rate would be 7.20% initially. (FAC, ¶44.) Yet, his loan carried an annual percentage rate of 10.3146%. (FAC, ¶55.) Mr. Almanderez speaks only Spanish and none of the documents were in Spanish. (FAC, ¶56.) Mr. Maximo was informed that his loan would initiate at a rate of 7.50%, but his loan actually carried an interest rate of 10.6130%. (FAC, ¶¶66, 76.) Mr. Maximo also speaks only Spanish. (FAC, ¶77.) These specific allegations support the first claim for relief.

As to Plaintiffs' right to rescind, the loans at issue were "credit sales." (FAC, ¶¶83-85.) Defendants are incorrect when they argue that Plaintiffs Almendarez and Maximo had no right of rescission because they engaged in "purchase money financing." The definition of "residential mortgage transaction" to which 15 U.S.C. § 1635(e) refers states:

> The term ''residential mortgage transaction'' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

15 U.S.C. § 1602(w). In the case at bar, no "security interest" was created because the note and deed of trust were split as a result of the naming of MERS as the purported beneficiary.[9]

---

[9] *In re Hawkins*, 2009 WL 901766, at *1 (Bankr. D. Nev. 2009) (denying MERS motions to lift stay based on finding that MERS was not a true beneficiary); *see also In re Vargas*, 396 B.R. 511, 517 (Bankr. C. D. Cal. 2008) (stating that "'an assignment of the note carries the

### 2. Plaintiffs have Stated a Claim Under the Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act ("RESPA") provides a cause of action for violations of provisions related to the transfer of loan servicing and unearned fees. 12 U.S.C. §§ 2605, 2607, 2614. Contrary to Defendants' argument, a right of action under RESPA is also available for failure to provide the servicing statement; failure to provide the "controlled business arrangement" notice; failure to make timely payments out of escrow; failure to respond to a qualified written request; and requiring the purchase of title insurance from an affiliated title insurance company. 12 U.S.C. §§ 2605(f), 2607(d), 2608, 2614.

As a defense to Plaintiffs' RESPA claims, Defendants attach documents with the purported signatures of Plaintiffs. The authenticity of these documents is questionable. Additionally, even if the documents were authentic, Defendants still did not provide adequate disclosures related to controlled business arrangements. (FAC, ¶ 110.) Defendants also failed to provide the "special information booklet." (FAC, ¶ 104.)[10]

---

mortgage with it, while an assignment of the latter alone is a nullity (citation omitted)'"); *In re Jacobson,* 2009 WL 567188 (Bankr. W. D. Wash.) at n. 9 (recognizing the identification of MERS "solely as nominee" as the beneficiary on the deed of trust to be problematic, considering that the beneficiary under a deed of trust is defined as the holder of the instrument or document evidencing the obligations secured by the deed of trust under the Revised Code of Washington); *Mortgage Registration System, Inc. v. Southwest Homes of Arkansas*, 2009 WL 723182 (Ark.) (holding that MERS, listed on the deed of trust as the "Beneficiary" acting "solely as nominee for Lender" and "Lender's successors and assigns," was not conveyed title under the deed of trust.)

[10] Defendants improperly submit copies of the booklets as part of their exhibits to the motion to dismiss. Plaintiffs' allegations are to be taken as true, and Plaintiffs have alleged the booklets were not provided.

### 3. Plaintiff Cervantes has Stated a Claim Under the Home Ownership and Equity Protection Act

Defendant Countrywide Home Loans, Inc. contends Plaintiff Cervantes did not adequately <u>allege</u> that the Cervantes loan was a high cost loan so as to invoke the Home Owner Equity Protection Act ("HOEPA").

HOEPA applies <u>not only</u> when the total points and fees payable by the consumer at or before closing exceed 8 percent of the total loan amount, but also when the total points and fees payable by the consumer exceed $400.00, as adjusted for inflation. 15 U.S.C. § 1602(aa)(1)(B). HOEPA's definition of points and fees includes <u>all items</u> included in the finance charge, except interest or the time-price differential. 15 U.S.C. § 1602(aa). Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge. 15 U.S.C. § 1605(c).

Assuming for the sake of argument the Cervantes HUD-1 supplied by Countrywide Home Loans, Inc. as Exhibit 3 to its Motion is authentic, the HUD-1 reflects payment of $858.00 for hazard insurance at line 903 and reflects an additional escrow requirement for six months of hazard insurance in the amount of $429.00 at line 1001.[11] Therefore, the Cervantes loan is a HOEPA loan. *See*, 15 U.S.C. § 1602(aa), 16 U.S.C. § 1639.

Plaintiff pled detailed facts related to Defendants' HOEPA violations. For example, Plaintiff claims not to have been provided with the disclosures required by 15 U.S.C. §

---

[11] The hazard insurance was required by the lender in the Deed of Trust, which requires that the "Borrower shall keep . . . the Property insured against . . . hazards."

1639. (FAC, ¶ 120.) Not even the Notice of Right to Cancel attached as Exhibit 2 to Defendants' Motion complies with the statute. Plaintiff also alleges that Countrywide violated 15 U.S.C. § 1639 (h) in extending credit to her without regard to her income or repayment ability, as she was given a loan that started at 56 percent of her income. (FAC, ¶¶ 122-23.) Finally, Plaintiff was given an negative amortization loan in violation of 15 U.S.C. §1639(f). (FAC, ¶ 121, 125.)

### 4. The Statute of Limitations as to the First, Second and Third Claims for Relief was Tolled

With regard to the statute of limitations, Plaintiffs invoke the fraudulent concealment and discovery rules. Plaintiffs allege not only nondisclosure, but also <u>active concealment</u> and misrepresentation by Defendants, which prevented Plaintiffs from learning the true facts. *See* Amended Complaint, ¶¶ 87-94, 103-108, 111, 119-21, 133-34, 139-143, and 148-61, and more specifically ¶¶ 96, 97, 115-16, 128, and 145. Plaintiffs' fraudulent concealment claims are sufficient. *King v. California*, 784 F.2d 910 (9th Cir. 1986) (stating that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).

Defendant cites *Guerrero v. Gates,* 442 F.3d 697 (9th Cir. 2006) in support of the argument that the statute of limitations bars the TILA, RESPA and HOEPA claims. The *Guerrero* case was a § 1983 case brought by a convict who had pleaded guilty to charges of narcotics possession. *Guerrero* is not applicable to this case.

### 5. Plaintiffs Have Stated a Claim Under the Fair Housing Act within the Statute of Limitations

Defendants acknowledge the First Amended Complaint charges Defendants with treating Hispanics differently than Whites and charges Defendants with purposefully targeting Hispanics for predatory lending practices.

The FHA prohibits discrimination in the terms of home loans to protected classes and prohibits coercion against protected classes:

> (a) In General.  It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.
>
> (b) Definition.  As used in this section, the term "residential real estate-related transaction" means any of the following:
>
> (1) ***The making or purchasing of loans or providing other financial assistance--***

42 U.S.C. § 3605 (emphasis added).

Plaintiffs are Hispanic homeowners.  Defendants discriminated against them in the home loan process.  The loans were predatory, with violations of federal statutes as described in the first three counts of the complaint.  Read as a whole, the First Amended Complaint states a claim for violations of the Fair Housing Act ("FHA"). (FAC ¶¶ 129-134.)

The FHA provides actual and punitive damages, damages for humiliation, lost value on sale, recovery of excess debt, recovery of excess interest, and recovery for overpayment

for property.  The FHA also provides injunctive relief to benefit the Plaintiff and to change the behavior of the Defendants.

> An aggrieved person may commence a civil action in an appropriate United States district court or State court ***not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice***, or the breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1) (emphasis added).  Plaintiffs have alleged that Defendants' practice of violating the Fair Housing Act has not ended.  (FAC, ¶137.)  Plaintiffs' Amended Complaint adequately alleges that the Complaint was filed before the claim was barred by the statute of limitations.  Again, to the extent this court finds Plaintiffs' allegations related to this claim deficient, Plaintiffs should be allowed to amend the complaint.

**6.  Plaintiffs have Pled Violation of the Arizona Consumer Fraud Act with Particularity within the Statute of Limitations**

The elements of a private cause of action under the Consumer Fraud Act are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury. *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ariz. Ct. App. 1983).  The Consumer Fraud Act applies to loans. *Villegs v. Transamerica Financial Servs.,* 147 Ariz. 100, 102, 708 P.2d 781, 783 (Ariz. Ct. App. 1985).

In their Amended Complaint, Plaintiffs allege that Defendants made a false promise, misrepresentation or concealment in connection with the loans. (FAC, ¶¶ 139, 140.) As Plaintiffs agreed to the loans, it is clear Defendants made these false statements "with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement." A.R.S. § 44-1522(a).

Plaintiffs relied on Defendants (evidenced by their entry into the loans) and such reliance is the proximate and consequent cause of their injury. (FAC, ¶¶ 141, 146.) In Arizona, a party must have been damaged by the prohibited practice before a party may exert a claim under the Consumer Fraud Act. Clearly, Plaintiffs have been damaged by Defendants in that they are at risk of losing their homes. Plaintiffs' Complaint, taken as a whole, pleads the circumstances constituting fraud with particularity. Pleading the circumstances constituting fraud means the time, the place, and the substance of the false misrepresentations, the facts misrepresented and the identification of the party making the representation, and what was obtained thereby. *Spudnuts, Inc. v. Lane*, 131 Ariz. 424, 426, 641 P.2d 912, 914 (Ariz. Ct. App. 1982); *see also*, *Bender v. Bender*, 123 Ariz. 90, 597 P.2d 993 (Ariz. Ct. App. 1979); *Fruth v. Divito*, 26 Ariz. App. 154, 546 P.2d 1163 (1976). In Plaintiffs' Amended Complaint, each Plaintiff's scenario is presented with the details outlining the fraud on a case by case basis. (FAC, Fifth Claim for Relief and General Allegations related to each Plaintiff, ¶¶ 34-37 (Cervantes); 40-57 (Almendarez); 64-78.)

Arizona has adopted the discovery rule where the statute of limitations for consumer fraud begins running "when the defrauded party discovers, or with reasonable

diligence could have discovered, the fraud." *Alaface v. National Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (1994) (quoting *Mister Donut of Am. Inc. v. Harris*, 150 Ariz. 321, 323, 723 P.2d 670, 672 (1986)).  Specifically, the cause of action for consumer fraud accrues when the plaintiff knows or should have known of both the "***what***" and "***who***" elements of causation.  *Lawhon v. L.B.J. Institutional Supply, Inc.* 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (Ariz. Ct. App. 1988) (emphasis added).  Plaintiffs became aware of the fraud within this past year when the onerous and oppressive terms of the loans became evident. (FAC, ¶ 145.)

### 7. Plaintiffs Have Stated a Claim for a Conspiracy to Commit Fraud and Conversion

Defendants' claim that no cause of action for conversion is stated in Plaintiffs' First Amended Complaint is incorrect.  The elements of a conversion cause of action are (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages. *See generally American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp*. 75 F.3d 1401, 1411 (9th Cir. 1996) (citing *Baldwin v. Marina City Properties, Inc.*, 79 Cal.App.3d 393, 145 Cal.Rptr. 406, 416 (1978)).  Not all subjects of conversion need be tangible. *Id.*

Here, Plaintiffs stated a claim for conversion in that Plaintiffs had a right to be free from illegal foreclosures, and a right to the full disclosures mandated by federal law.  (See FAC, ¶¶ 147-161.) Disclosures are particularly the type of right (reflected on a document) that supports a claim for conversion.  *See, e.g., Commercial Credit Co. v. Eisenhour,* 28

Ariz. 112, 117, 236 P. 126, 128 (1925) (noting that defendant could not avoid claim for conversion after asserting that notes were a binding obligation payable by plaintiff and receiving payment).  Thus, rights embodied by the notes and deeds of trust are proper subjects of a claim for conversion such as to support the motion for preliminary injunction.

Additionally, Plaintiffs' claims related to Defendants' participation in the MERS system are adequately pled.  Plaintiffs incorporate their response to the MERS Defendants' Motion to Dismiss on this issue.

### 8.     **Plaintiffs' Tenth Claim for Declaratory Relief is Adequately Pled**

Defendants contend there is no independent cause of action under the Declaratory Judgment Act.  Presumably, Defendants seek to have Plaintiffs move their request for a declaratory judgment from the main body of the Amended Complaint to the Prayer for Relief.  Defendants denote the request for declaratory judgment as a "Cause of Action."  In the Amended Complaint, Plaintiffs called the request a "Claim for Relief."  Plaintiffs respectfully submit that they have adequately pled their request for a declaratory judgment based on the facts alleged.

### 9.     **The Remaining Claims Should not be Dismissed**

In their Motion and Brief, Defendants Countrywide Home Loans, Inc. and First Franklin Financial Corporation join in the motions of MERS and Freddie Mac to dismiss as to the Seventh, Eighth and Ninth claims.  Plaintiffs incorporate by this reference their responses to those motions.  Just as those claims should not be dismissed as to the MERS defendants and Freddie Mac, they should also not be dismissed as to Countrywide and First

Franklin, as the loans were the direct result of the MERS conspiracy alleged in the First Amended Complaint, and these Defendants were co-conspirators and benefited from the conspiracy in the securitization of the loans and the profits derived therefrom.

Additionally, Countrywide Home Loans, Inc. and First Franklin joint in National City Bank's motion to dismiss the state law claims asserted in the Fifth, Sixth and Eighth claims based on preemption. Plaintiffs incorporate by reference their response to National City Bank's Motion to Dismiss. Plaintiffs dispute that First Franklin was a "subsidiary" of National City Bank when the loans were made. Instead, First Franklin was a "division" of National City Bank, as reflected on the deeds of trust entered into by Plaintiffs Almendarez and Maximo.

### B.     The Attachments to Defendants' Motion Should be Stricken

A motion to dismiss requests the court to decide that a <u>claim</u>, even if true as stated, is not one for which the law offers a legal remedy. As stated earlier in this response, the court must assume the truth of the factual allegations. No evidence should be presented as the argument is based in law. Attached to Defendants' Motion, however, are documents outside the pleadings unsupported by affidavit. These documents must be stricken, as this court, in ruling on Defendants' Motion, may not consider them. Federal Rules of Civil Procedure ("FRCP"), Rule 12.

## III. CONCLUSION

This court should deny Defendants' Motion to Dismiss on the grounds that the First Amended Complaint states a claim for relief against Defendants Countrywide Home Loans, Inc. and First Franklin, and that the fraud claims against the Defendants are pled with the particularity required by Fed. R. Civ. P. 9(b).  Alternatively, if this court finds any deficiency in the First Amended Complaint, Plaintiffs request leave to amend the complaint to cure any deficiencies.

DATED this 1st day of June, 2009.     **KOELLER NEBEKER CARLSON & HALUCK, LLP**

By     /S/ William A. Nebeker
    William A. Nebeker
    Rosary A. Hernandez
    Valerie R. Edwards
    Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert Hager RReneHAGER@aol.com
Hager & Hearne
245 E. Liberty St., Ste. 110
Reno, NV  89501
T:  775-329-5811; F:  775-329-5819
*Co-counsel for Plaintiffs*

Mark Bonner lmb@nemw.com
Emmanuel Edem eee@nemw.com
Norman & Edem
127 NW 10th St.
Oklahoma City, OK 73103
T:  405-272-0200; F:  405-272-1055
*Co-counsel for Plaintiffs*

Janet Weinstein jweinstein@fclaw.com
Patrick M. Klein pklein@fclaw.com
Fennemore Craig P.C.
3003 N. Central Ave., Ste. 2600
Phoenix, AZ 85012
T:  602-916-5000; F: 602-916-5999
*Counsel for AIG United Guaranty Corporation*

Robert W. Shely  rwshely@bryancave.com
Bryan Cave, LLP
2 N. Central Ave., Ste. 2200
Phoenix, AZ 85004
T:  602-364-7315; F:  602-364-7070
 *Counsel for Bank of America, N.A., Countrywide Home Loans, First Franklin Financial Corp., LaSalle Bank & Merrill Lynch & Co., Inc.*

Kelly MacHenry
kmachenry@swlaw.com
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
T:  602-382-6370; F: 602-382-6070
*Counsel for G.E. Money Bank*

Douglas Erickson  derickson@mmcec.com
Jennifer Sparks  jsparks@mmcec.com
MAYNARD CRONIN ERICKSON CURRAN & SPARKS
3200 N. Central Ave., Ste. 1800
Phoenix, AZ 85012
T:  602-279-8500; F: 602-263-8185
*Counsel for JP Morgan Chase Bank, N.A.*

Barbara Dawson bdawson@swlaw.com
Greg Marshall gmarshall@swlaw.com
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
T: 382-6235; F: 382-6070
*Co-Counsel for Wells Fargo Bank, N.A.*

Mark S. Landman  mlandman@lcbf.com
Landman Corsi Ballaine & Ford PC
120 Broadway
New York, NY 10271
T: 212-238-4880; F: 212-238-4848
*Counsel for Federal Home Loan Mortgage Corporation*

| | |
|---|---|
| Gregory Falls<br>gfalls@shermanhoward.com<br>Sherman & Howard<br>2800 N. Central Ave., Ste. 1100<br>Phoenix, AZ 85004<br>T:  602-240-3000; F:  602-240-6600<br>*Co-Counsel for Federal Home Loan Mortgage Corporation* | Howard Lindenberg<br>Howard_Lindenberg@freddiemac.com<br>Federal Home Loan Mortgage Corp<br>8200 Jones Branch Dr<br>McLean , VA 22102<br>T:  703-903-2485; F: 703-903-3690<br>*Counsel for Federal Home Loan Mortgage Corp.* |
| Craig Phillips cphillips@lrlaw.com<br>Robert G. Schaffer Rschaffer@lrlaw.com<br>Lewis & Roca<br>640 N. Central Ave.<br>Phoenix, AZ 85004<br>T:  602-262-5345; F:  602-734-3795<br>*Counsel for GMAC Mortgage, LLC* | James Ryan James.ryan@quarles.com<br>Lauren Elliott Stine<br>Lauren.stine@quarles.com<br>Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Ave.<br>Phoenix, AZ 85004<br>T:  602-229-5200; F:  602-229-5690<br>*Counsel for Citimortgage, Inc.* |
| Brian Schulman<br>schulmanb@ballardspahr.com<br>Ballard Spahr Andrews & Ingersoll<br>3300 Tower, Suite 1800<br>3300 North Central Avenue<br>Phoenix, AZ  85012-2518<br>T:  602-798-5407; F: 602-325-0477<br>*Counsel for National City Bank, National City Corp., National City Mortgage & PNC Financial Services* | Tom Hefferon<br>thefferon@goodwinprocter.com<br>Joseph Yenouskas<br>Jyenouskas@goodwinprocter.com<br>Goodwin Procter<br>901 New York Avenue, NW<br>Washington, DC 20001<br>T:  202-346-4029; F:  202-346-4444<br>*Counsel for Bank of America, N.A., Countrywide Home Loans, First Franklin Financial Corp., LaSalle Bank, Merrill Lynch & Co., Inc. & Wells Fargo Bank, N.A.* |
| Timothy Thomason<br>Timothy.Thomason@mwmf.com<br>Mariscal Weeks McIntyre & Friedlander, P.A.<br>2901 N. Central Ave., Ste. 200<br>Phoenix, AZ 85012<br>T: 602-285-5000; F: 602-285-5100<br>*Counsel for Tiffany & Bosco, PA* | Jim Condo  jcondo@swlaw.com<br>Snell & Wilmer<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004<br>602-382-6353; F: 602-382-6070<br>*Counsel for Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc.* |

| | |
|---|---|
| Robert M Brochin<br>rbrochin@morganlewis.com<br>Morgan Lewis & Bockius LLP<br>200 S Biscayne Blvd<br>5300 Wachovia Financial Ctr<br>Miami, FL 33131-2339<br>T: 305-415-3456;  F: 305-415-3001<br>*Counsel for Mortgage Electronic Registration Systems, Inc.* | Greg Marshall gmarshall@swlaw.com<br>Snell & Wilmer LLP<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004<br>T: 382-6235; F: 382-6070<br>*Counsel for HSBC Mortgage Corporation, U.S.A.* |
| Lucia Nale  lnale@mayerbrown.com<br>Thomas V. Panoff<br>tpanoff@mayerbrown.com<br>Mayer Brown LLP<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br>T:  312-782-0600; F: 312-701-7711<br>*Co-counsel for Citimortgage* | Joanne Lee jlee@foley.com<br>William J. McKenna wmckenna@foley.com<br>Jill Murch jmurch@foley.com<br>Foley & Lardner LLP<br>321 North Clark, Ste. 2800<br>Chicago, IL 60654<br>T:  312.832.4522; F:  312.832.4700<br>*Counsel for Federal National Mortgage Association* |
| Danielle J Szukala<br>dszukala@burkelaw.com<br>Burke Warren MacKay & Serritella<br>330 N Wabash Ave, Ste 2200<br>Chicago, IL 60611<br>T: 312-840-7000; F: 312-840-7900<br>*Counsel for J.P. Morgan Chase Bank, N.A.* | Henry F Reichner<br>hreichner@reedsmith.com<br>Reed Smith LLP<br>2500 1 Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103<br>T:  215.851.8100; F:  215.851.1420<br>*Co-Counsel for GMAC Mortgage, L.L.C.* |
| Benjamin B Klubes<br>Matthew P Previn<br>Buckley Sandler LLP<br>1250 24th St NW, Ste 700<br>Washington, DC 20037<br>*Co-Counsel for GE Money Bank* | |

By:   /S/ Cheryl A. Scates