**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga Cervantes, an; (2) Carlos Almedarez; (3) Arturo Maximo, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) Countrywide Home Loans, Inc.;<br>(2) Merscorp, Inc.;<br>(3) Mortgage Electronic Registration Systems, Inc.;<br>(4) Federal Home Loan Mortgage Corporation;<br>(5) Federal National Mortgage Association;<br>(6) GMAC Mortgage, LLC;<br>(7) J.P. Morgan Chase Bank, NA;<br>(8) Citimortgage, Inc.;<br>(9) HSBC Mortgage Corporation, USA;<br>(10) AIG United Guaranty Corporation;<br>(11) Wells Fargo Bank, NA;<br>(12) Bank of America, NA;<br>(13) GE Money Bank;<br>(14) PNC Financial Services Group, Inc.;<br>(15) National City Corporation;<br>(16) National City Bank;<br>(17) National City Mortgage;<br>(18) Merrill Lynch & Company, Inc;<br>(19) First Franklin Financial Corporation;<br>(20) LaSalle Bank , NA;<br>(21) Tiffany & Bosco, PA,<br><br>Defendants. | No. CV 09-517-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff Arturo Maximo's Second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. # 43), Defendants Countrywide Home Loans, Inc., Bank of America, N.A., Merrill Lynch & Company, Inc., First Franklin Financial Corporation, and LaSalle Bank, N.A.'s ("Defendants") Motion to Strike Supplemental Expert Opinion (Doc. # 164), Defendants' Motion for Leave to File Sur-Reply (Doc. # 166), and the Parties' Stipulation to Extend Date for Filing Joint Pre-Hearing Statement and Proposed Findings of Fact and Conclusions of Law Regarding the Preliminary Injunction (Doc. # 184). For the reasons that follow, the Court denies Maximo's motion and, thus, denies Defendants' motions and the Parties' stipulation as moot.

## BACKGROUND

In October 2006, Maximo purchased a single-family home located in Phoenix, Arizona, funded in part by a promissory note secured by a deed of trust. In approximately August 2008, Maximo was unable to continue making payments on the promissory note. A Notice of Trustee's Sale was recorded with the Maricopa County Recorder on December 23, 2008. A public auction was to be held on March 24, 2009, concerning the sale of Maximo's residence. The public auction was rescheduled for April 24, 2009. On April 13, Maximo filed the instant motion, seeking a preliminary injunction and temporary restraining order to enjoin the sale of Maximo's residence.

On April 22, Maximo filed with this Court a Notice of Defendant's Cancellation of Trustee's Sale and Plaintiff's Request for Hearing on Preliminary Injunction (Doc. # 56). In his notice, Maximo related that the public auction scheduled for April 24 had been canceled. In light of this cancellation, Maximo stated that it was "unnecessary for this court to conduct a hearing on Plaintiff's request for a temporary restraining order." (Doc. # 56 at pp. 2-3.) Nevertheless, Maximo requested that the Court schedule a hearing on his motion for a preliminary injunction because of the "ongoing uncertainty regarding when Defendant Tiffany & Bosco will again notice the sale of Plaintiff Maximo's residence." (Doc. # 56 at p. 3.)

///

**ANALYSIS**

*Preliminary Injunction Standard*

In his motion for preliminary injunction, Maximo sets forth two standards the Court may apply in evaluating whether to grant or deny Maximo's request for a preliminary injunction. The law upon which Maximo relies, however, predates the most recent pronouncement by our Supreme Court in *Winter v. Natural Resources Defense Council*, __ U.S. __, 129 S.Ct. 365 (2008), concerning the proper preliminary injunction standard. In *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th C. 2009), the Ninth Circuit Court of Appeals had the opportunity to discuss and apply *Winter* in the context of the proper preliminary injunction standard. The Court of Appeals' interpretation of *Winter* confirms that the proper preliminary injunction standard is the standard Maximo refers to as the "traditional" standard. Namely, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns*, 559 F.3d at 1052 (quoting *Winter*, __ U.S. at __, 129 S.Ct. at 374). The Court of Appeals applied this very standard, and this Court follows suit.[1]

*Absence of Irreparable Harm*

Even if the Court assumes that Maximo is likely to succeed on the merits–a finding this Court is not making in this Order–Maximo has failed to carry his burden of

---

[1] The "alternative" standard Maximo suggests states that a preliminary injunction may be granted "if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor." Doc. # 43 at p. 8 (quoting *Freecycle Network, Inc., v. Oey*, 505 F.3d 898, 902 (9th C. 2007)). In *American Trucking*, consistent with the Supreme Court in *Winter*, the Court of Appeals explicitly overruled this lesser standard. *Am. Trucking, Inc.*, 559 F.3d at 1052 ("To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.").

1  demonstrating that he is likely to suffer irreparable harm if the Court does not grant his
2  motion for a preliminary injunction.

3  In his motion, Maximo seeks to prohibit the various Defendants "from initiating or
4  advancing any foreclosure, sale, or interference with the peaceful use, enjoyment, possession
5  and residence" of Maximo. (Doc. # 43 at p. 3.) However, as Maximo relates in his Notice
6  of Defendant's Cancellation of Trustee's Sale (Doc. # 56), the public auction of Maximo's
7  residence slated for April 24 was canceled. Nevertheless, Maximo asserts that the threat of
8  foreclosure and the eviction of his family from the residence is enough, standing alone, to
9  support the issuance of a preliminary injunction. The mere *future* threat of foreclosure and
10  eviction, however, fails to satisfy Maximo's burden that he will suffer irreparable harm if the
11  Court fails to grant Maximo the preliminary injunction he seeks. *See Winters*, __ U.S. at __,
12  129 S.Ct. at 375-76 ("Issuing a preliminary injunction based only on a possibility of
13  irreparable harm is inconsistent with our characterization of injunctive relief as an
14  extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
15  entitled to such relief.").

16  Moreover, as Maximo recognizes, under Arizona law, if Defendants decide to
17  reinitiate sale proceedings of Maximo's residence, the time frame between the noticing of
18  the sale and the actual sale must be a minimum of ninety days. ARIZ. REV. STAT. ANN. § 33-
19  807 (D) (2007) ("The power of sale of trust property conferred upon the trustee shall not be
20  exercised before the ninety-first day after the date of the recording of the notice of the sale.
21  The sale shall not be set for a Saturday or legal holiday."). According to the record before
22  this Court, Maximo's residence, to date, has not been re-noticed for sale. An allotment of
23  a minimum of ninety days is a sufficient time frame for Maximo to seek this Court's
24  protection via a preliminary injunction should Defendants reinitiate sale proceedings. As a
25  result of the cancellation of the April 24 public auction, the Court fails to see how Maximo
26  will suffer any harm by the Court's refusal to enter the injunction Maximo seeks, much less
27  harm that is irreparable.
28  ///

**CONCLUSION**

Having considered Maximo's motion, the responses to his motion, and Maximo's replies in support of his motion, the Court finds that Maximo failed to show that he is likely to suffer irreparable harm in the absence of preliminary relief. Therefore, the Court denies Maximo's request for preliminary relief and, as such, the Court vacates the hearing currently set for Friday, June 19, 2009.

Accordingly,

**IT IS ORDERED** that Plaintiff Arturo Maximo's Second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. # 43) is denied without prejudice and that Plaintiff may again file for injunctive relief, if necessary, if and when Plaintiff's residence is re-noticed for sale.

**IT IS FURTHER ORDERED** that Defendants Countrywide Home Loans, Inc., Bank of America, N.A., Merrill Lynch & Company, Inc., First Franklin Financial Corporation, and LaSalle Bank, N.A.'s Motion to Strike Supplemental Expert Opinion (Doc. # 164) is denied as moot.

**IT IS FURTHER ORDERED** that the Parties' Stipulation to Extend Date for Filing Joint Pre-Hearing Statement and Proposed Findings of Fact and Conclusions of Law Regarding the Preliminary Injunction (Doc. # 184) is denied as moot and that the deadline to file the Parties' Joint Pre-Hearing Statement and Proposed Findings of Fact and Conclusions of Law Regarding the Preliminary Injunction is vacated.

**IT IS FINALLY ORDERED** vacating the hearing set for Friday, June 19, 2009, at 9:00 a.m.

DATED this 10th day of June, 2009.

James A. Teilborg
United States District Judge