1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| (1) Olga Cervantes, an unmarried woman, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) Countrywide Home Loans, Inc., a New York corporation, et al.,<br><br>Defendants. | No. CV 09-517-PHX-JAT<br><br>**ORDER** |

Before this Court is Defendant Tiffany & Bosco, P.A.'s ("T&B") Motion for Award of Attorney's Fees. (Doc. # 224.) Plaintiffs Olga Cervantes, Carlos Almendarez and Arturo Maximo filed a Response. (Doc. #237.) T&B filed a Memorandum in Support (Doc. # 236) and a Reply (Doc. # 238).

**BACKGROUND**

Plaintiffs Cervantes, Almendarez and Maximo collectively brought an action against various parties on lender liability theories. Plaintiffs Almendarez and Maximo sued T&B solely in its capacity as the alleged Trustee under their Deeds of Trust. T&B had been substituted as trustee on the Almendarez and Maximo deeds of trust by MERS. Plaintiffs contended that MERS had no authority to appoint a trustee and T&B's appointment was therefore a nullity.

Arizona Revised Statutes § 33-807(E) (2007) provides that trustees should only be joined in legal actions other than those which pertain to a "breach of the trustee's obligation under [A.R.S. § 801 *et seq.*] or under the deed of trust" and "[i]f the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee."

T&B sent plaintiffs' counsel a letter after this litigation was filed, advising Plaintiff's counsel that T&B was improperly named, requesting that T&B be dropped and advising Plaintiffs' counsel that sanctions would be sought if T&B was not dropped. Plaintiffs Almendarez and Maximo and plaintiffs' counsel did not drop T&B. T&B moved to dismiss and requested its attorneys' fees and court costs for having to defend against Plaintiffs' action. That motion was fully briefed. In its Order, this Court granted T&B's motion to dismiss and gave leave for T&B to file the current motion for attorneys' fees. (Order dated September 23, 2009 at 19.)

**ATTORNEYS' FEES PURSUANT TO A.R.S. § 33-807(E)**

*Eligibility and Entitlement*

This Court has found that T&B was improperly named in this case, and, therefore, an award of reasonable attorneys' fees under A.R.S. § 33-807(E) is mandatory. Plaintiffs urge the Court to revisit its decision to grant T&B's motion to dismiss, but merely present the same arguments and Nevada case law that they offered in their Response in Opposition to Tiffany & Bosco's Motion to Dismiss. The Court has already considered these arguments and finds no reason to revisit its holding. T&B was improperly named and is eligible and entitled to receive its reasonable attorneys' fees.

*Person Joining*

Under A.R.S. § 33-807(E), attorneys fees are awarded against "the person joining the trustee." T&B requests that it be awarded attorneys' fees against Plaintiffs Almendarez and Maximo and their counsel William A. Nebeker, Rosemary A. Hernandez, Valerie R. Edwards and the law firm of Koeller Nebeker Carlson & Haluck, L.L.P. ("Counsel"). T&B argues that both Plaintiffs and Counsel should both be identified as the "person joining the

Trustee" against whom attorneys' fees should be awarded, because Plaintiffs are "undoubtedly unsophisticated individuals who most likely did not even know who they were suing." (Doc. #236 at 2.)

As a rule, the attorney-client relationship is governed by the principles of agency and the actions of an attorney within the scope of the agency are attributable to the client and not to the attorney. *See Panzino v. City of Phoenix*, 999 P.2d 198, 203 (Ariz. 2000). Clients retain the authority to determine the objectives of the representation, but attorneys receive the implied authority to determine the proper means to achieve those objectives.

In this case, there is no indication that Counsel exceeded the scope of its authority. It appears that Counsel made the decision to join T&B without much (or any) input from Plaintiffs Almendarez and Maximo,[1] but that decision is within the scope of Counsel's implied authority to determine the litigation strategies of the representation.

Because Counsel possessed the implied authority to join T&B, that joining is attributable to the principals, Plaintiffs Almendarez and Maximo, and not to the agents, Counsel. Thus, attorneys' fees under A.R.S. § 33-807(E) will be awarded against Plaintiffs Almendarez and Maximo alone.

*Reasonableness of Fees*

The final step in the attorneys' fees analysis is the reasonableness of the fees sought. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931–32 (Ariz. Ct. App. 1983). In the motion, T&B informed the Court that they sought "approximately $8,500.00" in attorneys' fees. (Doc. #224 at 2.) In their supporting memorandum itemizing the fees, T&B specified that they were seeking $9,610.00. (Doc. # 236-4 at 7.) Plaintiffs do not dispute the reasonableness of the fees, but do point out two minor mathematical errors in the calculation

---

[1] Plaintiffs' submission of the declaration of Robert R. Hager confirms that Counsel made the decision to join T&B: "There were discussions among co-counsel including myself in the Cervantes case about whether it was necessary for us to pursue claims against Tiffany & Bosco . . . . [and] I agreed with the decision to assert claims. . . ." (Doc. # 237, Exhibit 2, ¶¶ 7-8.)

of the amount of fees. (Doc. #237 at 3, n. 2.) Adjusting for these errors, the appropriate amount of fees is $9,510.00. The Court finds that the legal work done in preparing the motion to dismiss was necessary, that it was done by skilled attorneys, and that their hourly fees were reasonable. Thus, the Court finds the fees requested by T&B (as adjusted) to be reasonable.

## ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927

T&B also move for fees to be awarded against Counsel pursuant to 28 U.S.C. § 1927. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In short, "[s]ection 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). However, sanctions may be imposed under § 1927 only if there has been a determination of bad faith. *Id.* at 1118. Courts "'assess an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard.'" *Id.* (quoting *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121-22 (9th Cir. 1991).

The Court declines to award attorneys' fees under 28 U.S.C. § 1927 for two reasons. First, 28 U.S.C. § 1927 cannot be applied to an initial pleading. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."). Here, Counsel's only action toward T&B after the filing of the complaint was the refusal to dismiss T&B with prejudice. Thus, Counsel has not multiplied the proceedings. Second, while Counsel's belief that their claim was not barred by A.R.S. § 33-807(E) was not founded on a reasonable basis in law, it has not been shown that Counsel acted in subjective bad faith. For both reasons, T&B will not be awarded fees against Counsel under 28 U.S.C. § 1927.

**CONCLUSION**

The Court finds that T&B's attorneys' fees are warranted under A.R.S. § 33-807(E) against Plaintiffs Almendarez and Maximo. The Court also finds that T&B's claims for attorneys' fees against Counsel under A.R.S. § 33-807(E) and 28 U.S.C. § 1927 fail.

Accordingly,

**IT IS ORDERED** that Defendant Tiffany & Bosco, P.A.'s Motion for Award of Attorney's Fees (Doc. # 224) is **GRANTED** under A.R.S. § 33-807(E) against Plaintiffs Almendarez and Maximo in the amount of $9,510.00 and **DENIED** under A.R.S. § 33-807(E) and 28 U.S.C. § 1927 against William A. Nebeker, Rosemary A. Hernandez, Valerie R. Edwards and the law firm of Koeller Nebeker Carlson & Haluck, L.L.P.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in the amount of $9,510.00, plus interest from the date of judgment until paid, in favor of Defendant Tiffany & Bosco, P.A. and against Plaintiffs Almendarez and Maximo.

DATED this 19th day of March, 2010.

James A. Teilborg
United States District Judge